| | |
|---|---|
| DISTRICT COURT, ARCHULETA COUNTY, STATE OF COLORADO<br><br>Court Address:<br>Archuleta County District Court<br>7325 Potomac St.<br>Centennial, CO  80112<br>303-649-6355 | DATE FILED: July 16, 2013 11:10 AM<br>FILING ID: 49BF09A61183F<br>CASE NUMBER: 2013CV30027 |
| Plaintiff:   PAGOSA LAKES PROPERTY OWNERS ASSOCIATION, a Colorado nonprofit corporation,<br><br>v.<br><br>Defendants:   JENNIFER M. LEE; RURAL HOUSING SERVICE OR SUCCESSOR AGENCY, UNITED STATES DEPARTMENT OF AGRICULTURE; NCO PORTFOLIO MANAGEMENT; BETTY A. DILLER, as Archuleta County Public Trustee | ▲ COURT USE ONLY ▲<br><br>Case No.:<br><br>Division:<br>Ctrm: |
| Attorneys for Plaintiff:<br>Orten Cavanagh & Holmes, LLC<br>Hal R. Kyles, #23891<br>Christopher C. Hurley, #41699<br>1445 Market Street, Suite 350<br>Denver, CO  80202<br>Phone Number:  (720) 221-9780<br>Matter ID #1019-285 | |
| **COMPLAINT FOR FORECLOSURE PURSUANT TO RULE 105, C.R.C.P.** | |

Plaintiff, by and through its attorneys, Orten Cavanagh & Holmes, LLC, for its Complaint against Defendants, states as follows:

1. Plaintiff is a non-profit corporation in good standing formed under the laws of the State of Colorado, with its principal place of business in Pagosa Springs, Colorado.

2. Venue is proper because this action seeks judicial foreclosure of Property located in the County of Archuleta, State of Colorado.

3. Defendant Jennifer M. Lee ("Defendant Lee") is the record owner of 22 Jubilee Court, Pagosa Springs, CO 81147, which is described as follows:

> Lot 11 of Block 20 in Lake Pagosa Park, according to the plat thereof filed for record March 13, 1970 as Reception No. 72998 through 73013

which property is hereinafter referred to as the "Property."

4.      Defendant Lee purchased the Property on or about May 1, 1997, as evidenced by the Warranty Deed recorded on May 6, 1997 at Reception No. 97002793.

5.      Defendant Lee, by taking this deed to the above described property, became subject to, bound by, and agreed to the terms of the Declaration of Covenants, Conditions and Restrictions for Pagosa Lakes Property Owners Association recorded on June 24, 1970 of the Archuleta County records and all supplements thereto (hereinafter referred to as the "Declaration").

6.      Defendant Lee agreed to pay and is subject to the covenant in the Declaration personally obligating her to pay assessments on the Property imposed by the Board of Directors of the Association.

7.      Defendant Lee agreed to and took title to the Property subject to covenants and provisions in the Declaration, which provide and establish a lien in favor of Plaintiff for all assessments, interest, late charges, fines as well as attorney fees and costs.

8.      The Property is subject to a lien for unpaid assessments pursuant to the Declaration and pursuant to C.R.S. §38-33.3-136.

9.      To further evidence the lien in favor of the Association as provided by the Declaration, and to give additional notice thereof to Defendants and third parties, Plaintiff filed a Notice of Assessment Lien with the Clerk and Recorder of the County of Archuleta, State of Colorado on November 2, 2009 at Reception No. 20908759 (hereinafter referred to as the "Notice").

10.     Defendant Lee has failed to pay assessments as agreed and as required by the Declaration and continues to refuse to so pay Plaintiff.

11.     Defendant Lee is in default of her agreement to pay assessments to Plaintiff.

12.     Defendant Lee, by agreement and under the terms of the Declaration and Colorado law, owes $7,034.25 for unpaid assessments, late charges and interest, attorney fees and costs as of June 27, 2013, plus additional assessments, late fees, interest, attorneys fees and costs for the within matter as set forth in the Declaration as they accrue from June 27, 2013 until the date of sale as well as all other allowed charges pursuant to the Declaration allowed by the Court.

13.     Pursuant to the Declaration and/or Colorado Revised Statute §38-33.3-316, unpaid assessments constitute a lien on the unit for which the assessment is levied;

      a. Pursuant to C.R.S. §38-33.3-316(2)(b)(I), Plaintiff is entitled to a first priority lien in an amount equal to $110.00 which is prior and superior to all other liens (the "Super Priority Lien");

      b. Pursuant to C.R.S. §38-33.3-316(2)(a), Plaintiff is entitled to a second priority lien as set forth therein.

14. The Declaration provides, and Defendant Lee has agreed and has taken title to the Property subject to provisions therein, which specifically allow Plaintiff to foreclose its lien.

15. The Declaration provides, and Defendant Lee has agreed and has taken title to the Property subject to the provisions of the Declaration specifying that Defendant Lee's costs and attorney's fees for collection and foreclosure of said lien.

16. To the best of the knowledge and belief of the Plaintiff, Defendant Lee is not an infant, incompetent, officer or agent of the State of Colorado, or in the military service.

17. To avoid tax sales and tax deeds, which would extinguish its position, Plaintiff may be forced to pay the property taxes on the subject Property. An undetermined amount will be claimed from Defendant Lee in the bid letter submitted for Sheriff's Sale representing reimbursement of any property taxes paid.

18. Defendant Rural Housing Service or Successor Agency, United States Department of Agriculture, may claim an interest in the Property pursuant to a Deed of Trust recorded on June 9, 1997 at Reception No. 97003543 in the records of the County Clerk and Recorder of Archuleta County, State of Colorado.

19. Defendant NCO Portfolio Management Assig. may claim an interest in the Property pursuant to a Transcript of Judgment recorded on February 18, 2010 at Reception No. 21001042 in the records of the County Clerk and Recorder of Archuleta County, State of Colorado.

20. Defendant BETTY A. DILLER is named in her capacity as Public Trustee of Archuleta County, Colorado.

WHEREFORE, Plaintiff prays for judgment as follows:

A. Against Defendant Lee including assessments, late charges, interest and attorney fees through June 27, 2013 plus subsequent assessments, late charges, and interest as well as Plaintiff's attorney fees and costs, as agreed and allowed for in the Declaration.

B. Plaintiff's lien be adjudged a prior and superior lien upon the Property as follows:

        1.      Lien in the amount of $110.00, superior to all other liens pursuant to C.R.S. §33.3-316(2)(b)(1);

        2.      The remainder of the Association's lien prior to all liens excepting only:

           a.      Real property taxes and assessments not yet due and payable and special real property assessments not yet certified to the Treasurer's office of the County of Archuleta, County;

           b.      The interests of Defendant Rural Housing Service or Successor Agency, United States Department of Agriculture may claim an interest in the Property pursuant to a Deed of Trust recorded on June 9, 1997 at Reception No. 97003543 in the records of the County Clerk and Recorder of Archuleta County, State of Colorado.

    C.      All other interests, be adjudged to be junior and inferior to the lien claimed by Plaintiff, such that upon expiration of the period of redemption after the Sheriff sale sought by Plaintiff, and without redemption therefrom by those parties as junior lienors, the interests of those parties would be null and void and extinguished thereby.

    D.      Plaintiff's lien be foreclosed and the Property sold at public sale for the amount of the judgment which may be awarded to Plaintiff by the Court, together with interest to accrue thereon, and together with additional unpaid assessments, late charges, and interest as may accrue, and such other charges as allowed by the Declaration, including Plaintiff's additional attorney's fees and costs in proceeding to a sheriff's sale.

    E.      For an Order determining that the Property is not "agricultural real estate" within the meaning of Colorado Revised Statutes 1973, Section 38-38-302(4).

    F.      For an Order that the proceeds from the foreclosure sale be applied as follows:

        1.      First to pay all fees, costs, and expenses incurred in connection with the sale;

        2.      Second, to repay advances for taxes, insurance, other items as allowed by law;

        3.      Third, to pay Plaintiff's sums due it for unpaid assessments and pursuant to the judgment awarded herein; and

        4.      Fourth, to pay any balance remaining into the Registry of the Court, said balance to be applied as the Court shall hereafter direct.

  G. The rights, tenancy, lease of any party in possession be terminated.

  H. Plaintiff be granted possession of the Property.

  I. Such other, further, and different relief as Plaintiff may be entitled to receive and as this Court may deem just and equitable.

  J. In the event that Plaintiff is forced to pay property taxes on the subject Property to avoid tax sales and tax deeds which would extinguish its position, Plaintiff requests that an undetermined amount can be claimed from Defendant owners representing reimbursement for any property taxes paid when submitting bid for sale to Sheriff.

Date: July 10, 2013

     ORTEN CAVANAGH & HOLMES, LLC

     By: /s/Christopher C. Hurley
       Christopher C. Hurley, #41699


Plaintiff's Address:
Pagosa Lakes Property Owners Association
230 Port Avenue
Pagosa Springs, CO  81147-9486