IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Judge R. Brooke Jackson

Civil Action No. 17-cv-02802-RBJ

PAGOSA LAKES PROPERTY OWNERS ASSOCIATION, a Colorado nonprofit corporation,

    Plaintiff,

v.

JENNIFER M. LEE,
RURAL HOUSING SERVICE OR SUCCESSOR AGENCY, UNITED STATES,
DEPARTMENT OF AGRICULTURE,
NCO PORTFOLIO MANAGEMENT, and
BETTY A. DILLER, as Archuleta County Public Trustee,

    Defendants.

# ORDER ON MOTION FOR RELIEF FROM STATE COURT'S DEFAULT JUDGMENT

## I.     BACKGROUND

On July 16, 2013, Pagosa Lakes Property Owners Association ("Pagosa") filed a complaint for judicial foreclosure in the Archuleta County District Court, Colorado, against defendant Jennifer M. Lee. *See generally* ECF No. 3. Ms. Lee owned real property located at 22 Jubilee Court, Pagosa Springs, CO 81147. *Id.* The Rural Housing Service, U.S. Department of Agriculture ("Housing Service") had an interest in this property consisting of a deed of trust recorded on June 9, 1997. *Id.* at 3-4. In this foreclosure action, Pagosa also sued the Housing Service. *Id.* However, Pagosa and the Housing Service agree that Pagosa Lakes mistakenly did not serve the Housing Service as required under 28 U.S.C. § 2410(b). ECF No. 12 at 3, ECF No. 15 at 2.

28 U.S.C. § 2410 requires that for a state court to have subject matter jurisdiction in a foreclosure action over the United States, the plaintiff must serve a copy of the complaint on the United States Attorney for the district in which the action is brought (here, the District of Colorado) or upon an assistant United States attorney or clerical employee designated by the United States Attorney. 28 U.S.C. § 2410(b). Instead of serving the Housing Service in either designated manner, Pagosa delivered a copy of the complaint and summons at the headquarters of the U.S. Department of Justice in Washington, D.C. ECF No. 12 at 3.

The Housing Service, unaware of the state-court action, did not respond. *Id.* Pagosa moved for an entry of default against the Housing Service, which the state-court clerk granted. ECF No. 11-1 at 73, 85. Pagosa then moved for a decree of judicial foreclosure, and on May 30, 2014 the state court granted that motion. *Id.* at 18-20, 24-27. This decree of foreclosure granted default judgment *in rem* against the Housing Service, adjudicated Pagosa's lien as the prior and superior lien on the property and extinguished the lien of the Housing Service. *Id.* at 19-20. The decree also ordered the sale of the real property, and on March 18, 2015 the Archuleta County Sheriff sold the property for $10,490, free and clear of any interest of the Housing Service. ECF No. 12-2.

The Housing Service learned about the state-court action on August 2017, when it had tried to initiate its own foreclosure proceedings on the property. ECF No. 12 at 3. The Housing Service removed Pagosa's foreclosure action pursuant to 28 U.S.C. §§ 1444 and 2410(a), which permit removal of any foreclosure action against the United States to the district court where the action is pending. ECF No. 1.

The Housing Service then filed a motion to set aside the state court's default judgment *in rem* and its decree of foreclosure. ECF No. 12. Pagosa filed a response, ECF No. 15, and the

Housing Service filed a reply, ECF No. 16. I requested that the parties file supplemental briefs addressing the possible application of the *Rooker-Feldman* Doctrine. ECF No. 18. *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The Housing Service filed a brief arguing that the *Rooker-Feldman* doctrine is inapplicable here, ECF No. 19, and Pagosa did not file a brief before the April 25, 2018 deadline.

## II. STANDARD OF REVIEW AND ANALYSIS

Fed. R. Civ. P. 60(b)(4) provides for relief from a final judgement, order, or proceeding where the judgement is void. The Housing Service argues that the state-court default judgment and decree of foreclosure are void because the state court never acquired personal jurisdiction or subject-matter jurisdiction over the Housing Service given Pagosa's mistake with service. The Housing Service requests that I set aside the state court's default judgment *in rem* and the state court's decree for judicial foreclosure which extinguishes the Housing Service's Security Interest recorded on June 6, 1997. ECF No. 12 at 6. Pagosa does not dispute the relief sought by the Housing Service to the extent that I declare the judgment and decree entered in the state court's foreclosure action void only as to the Housing Service, leaving the remainder of the judgment and decree in effect. ECF No. 15 at 3.

Pagosa does state in the last paragraph of its response that "to the extent that Colorado law is not preempted by federal statute, Colorado Revised Statute has a mechanism for addressing omitted parties due to lack of service of process in C.R.S. §38-38-506. Under Colorado law, omitted parties are limited to redemption rights if the omitted party would have been entitled to redeem pursuant to C.R.S. §38-38-302." ECF No. 15 at 3. Pagosa makes no further argument about whether I should determine that Colorado law is not preempted by federal statute and why. The Housing Service argues that Pagosa's failure to make a real

argument about preemption waives the issue, and that in any event, the argument lacks merit. I agree with the Housing Service that U.S.C. § 2410 conflicts with Colo. Rev. Stat. § 38-38-506 in offering greater protection to liens of the United States. Here, federal law would preempt the Colorado law to which Pagosa refers.

I also agree with the Housing Service that the *Rooker-Feldman* doctrine is inapplicable here. ECF No. 15. Because Pagosa did not file briefing on this point, I'll assume it does not contest this either. *Rooker-Feldman* is a jurisdictional bar where a party who had an opportunity to litigate the claim in state court loses and files a new lawsuit in federal court, seeking to overturn the state-court judgment. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Here, however, the Housing Service did not have an opportunity to litigate the jurisdictional issue in state court. It is now exercising its rights pursuant to 28 U.S.C. § 1444 to remove the action and raise a federal defense that the state court lacked subject-matter jurisdiction over the Housing Service due to the plaintiff's improper service. The Tenth Circuit has held that 28 U.S.C. § 1444 "gives the United States a substantive right to remove, independent of any other jurisdictional limitations." *Leathers v. Leathers*, 856 F.3d 729, 750 n.10 (10th Cir. 2017). Therefore, the *Rooker-Feldman* doctrine does not pose a bar to this Court's jurisdiction.

**ORDER**

For the reasons stated herein, the Court grants ECF No. 12, defendant's motion for relief from state court's default judgment. I order that (1) the state court's default judgment *in rem* entered on June 30, 2014 is void as against the Rural Housing Service and (2) the State court's decree for judicial foreclosure entered on June 30, 2014 extinguishing the security interest of the Housing Service, recorded on June 6, 1997, at Reception No. 97003543 in Archuleta County, is also void as to the Housing Service.

DATED this 31st day of October, 2018.

BY THE COURT:

_____

R. Brooke Jackson

United States District Judge